64 F.3d 669
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Reginald L. GREEN, Petitioner-Appellant,
v.
Ron CHAMPION; Attorney General of the State of Oklahoma,
Respondents-Appellees.
 No. 95-6022.
(D.C.No. CIV-94-1193-T)
 United States Court of Appeals, Tenth Circuit.
 Aug. 23, 1995.
 
 Before TACHA, LOGAN and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument. We grant petitioner Reginald L. Green's application for a certificate of probable cause and motion for leave to proceed in forma pauperis in order to reach the merits of the case.
 
 
 2
 Petitioner, a state prisoner in Oklahoma, filed a petition for habeas corpus seeking relief from his 200-year sentence for larceny of a motor vehicle, as well as other lesser concurrent sentences and one two-year consecutive sentence. He asserted that his sentences were improperly enhanced by prior felony convictions and that all of his felony convictions must be vacated as constitutionally infirm.
 
 
 3
 In a well-reasoned report, the magistrate judge analyzed the petitioner's claims and determined that the petition should be dismissed on the merits. The district court adopted the findings and recommendation of the magistrate judge and dismissed the petition. Petitioner appeals, asserting that the district court failed to conduct a de novo review as required under 28 U.S.C. 636(b)(1), and that his petition should not have been dismissed.
 
 
 4
 Although the district court's order adopting the magistrate judge's findings and recommendation did not specifically so state we are satisfied that the district court did conduct a de novo review. The court referenced the magistrate judge's analysis and also identified petitioner's objections to the findings and recommendation. The district court also discussed the finding that "there are at least two prior felony convictions that can form a sufficient constitutional basis for the enhancement of the petitioner's current sentences." I R. 16. Cf. Andrews v. Deland, 943 F.2d 1162, 1170 (10th Cir.1991) (district court stated that it reviewed objections and file; record demonstrated appropriate de novo review), cert. denied, 502 U.S. 1110 (1992).
 
 
 5
 We have reviewed the briefs and the record and we cannot add significantly to the analysis in the magistrate judge's recommendation of October 26, 1994, adopted by the district court. We therefore AFFIRM for substantially the reasons stated therein.
 
 
 6
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470